STATE OFFICERS AND EMPLOYEES
1. The Hospital Board of Trustees of University Hospital are statutorily empowered to designate positions as unique to hospital functions and thereby remove said positions from the Merit System of personnel administration. All other employees not specifically exempt by separate statute are within the classified service of the Merit System. 2. Employees occupying positions and previously under the Merit System of personnel administration, may have their classified status terminated upon a determination that their position and job description are unique to hospital functions. The Attorney General is in receipt of your request for an opinion wherein you ask substantially the following questions: 1. Does the Hospital Board of Trustees have the statutory power to retain employees within the classified service? 2. Does an employee have the right to remain within the classified service, or is his status determined solely by the Hospital Board of Trustees and the Oklahoma State Personnel Board ? The provisions of 70 O.S. 3306.1 [70-3306.1] et seq. (1977) separate the University Hospital from the University of Oklahoma, create the Board of Trustees of the University Hospital and delineate the powers and duties of said Board. In addition, 70 O.S. 3306.6 [70-3306.6] specifically determined the status of employees of University Hospital as follows: "B. Employees of the University Hospital shall be in the classified service of the Merit System of personnel administration, except those placed in an exempt status or retained in the unclassified service in letters of appointment by the Board of Trustees." Attorney General's Opinion No. 77-119 found that a plain reading of the above statute places authority with the Board to determine the status of employees. Subsequently, the 1977 appropriations bill for the University Hospital contained at 74 O.S. 285 [74-285] (1977) (73) 6, further modified the power of the Board of Trustees in classifying employees with the following provision: Section 6. The Board of Trustees of the University Hospital shall classify as a part of the Merit System of personnel administration all positions for which there is an established merit system of classification, except those positions unique to hospital functions. Provided, no employee shall have his salary decreased as a result of the classification action herein directed. This office has been advised that pursuant thereto, the Board of Trustees designated various positions as unique to hospital function which may have previously been occupied by individuals classified under the Merit System. This action by the Board of Trustees appears to have been in compliance with the above-quoted 70 O.S. 3306.6 [70-3306.6] (1977) and 74 O.S. 285 [74-285] (1977), and not in violation of any vested property rights held by an employee holding classified status under the Merit System. This is an obvious conclusion since the Merit System is created through legislation and its provisions may be abolished or modified through subsequent legislation. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: 1. The Hospital Board of Trustees of University Hospital are statutorily empowered to designate positions as unique to hospital functions and thereby remove said positions from the Merit System of personnel administration. All other employees not specifically exempt by separate statute are within the classified service of the Merit System. 2. Employees occupying positions and previously under the Merit System of personnel administration, may have their classified status terminated upon a determination that their position and job description are unique to hospital functions. (JOHNNY J. AKINS) (ksg)